Frances **HAYNES**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 20725.

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1967.

Joseph H. Lewis (argued), Los Angeles, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio (argued), Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

Following trial to the court, appellant was convicted in Count Five of the indictment of knowingly and unlawfully receiving, concealing and facilitating the concealment and transportation of heroin on or about May 3, 1964; in Count Six of the unlawful and knowing selling and facilitation of sale on the same occasion; and in Count Seven with the unlawful receiving, concealing and facilitating of the concealment and transportation of heroin, on or about May 20, 1964. The offenses were in violation of Title 21 U.S.C. § 174. The appellant was sentenced to six years on each count, the sentences to run concurrently.

On this appeal appellant specifies as error that, "The verdict (sic) is contrary to the weight of the evidence and the verdict (sic) is not supported by substantial evidence."

The transactions upon which the indictment is based are a sale of narcotics on May 3, 1964, and an attempted sale on May 20, 1964. With respect to the May 3rd sale, John Lee, a United States Treasury Agent testified that on April 30, 1964, the appellant was telephoned by Barnes, an informer, while Agent Lee listened to the conversation. Lee testified the appellant agreed to sell Barnes an ounce of heroin for $600.00; that "they" (she and her codefendant Nelson) would deliver it, that she set the date and location for delivery and she guaranteed the quality of the heroin. There is further testimony by Lee that on May 13th, ten days after the sale was consummated, appellant, in answer to Lee's complaint that he had received less than a full ounce, stated that she could not understand how this happened, since they had measured the heroin with a spoon. She then assured Lee, "The next time I'll take care of the weight."

Count Seven relates to the attempted sale on May 20, 1964. Agent Lee testified that during his conversation with the appellant on May 13, 1964, she set up the sale for the 20th. She set the price at $500.00 an ounce for twelve ounces. In a second conversation on May 18th, appellant modified the sale to one of two and one-half ounces for $1200.00. Amil Demes, a narcotics investigator for the Fresno District Attorney's office, who participated in the arrest of the appellant, testified that as he approached the taxi in which the appellant was sit-

ting, he saw her attempt to hide a Pall Mall package that she was holding in her hand. He further testified that this Pall Mall package contained a brownish, powdery, substance which was later determined to be heroin.

 Upon appeal evidence must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Teasley v. United States, 292 F.2d 460 (CA 9).

■ The evidence is not only substantial, it is overwhelming.

The judgment of conviction is affirmed.